United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Plumbers & Pipefitters Local 572 Pension fund et al., <br><br> Plaintiff(s), <br> v. <br><br> Cisco Systems, Inc. et al., <br><br> Defendant(s). | NO. C 01-20418 JW <br><br> **ORDER GRANTING DEFENDANTS' MOTION FOR ENTRY OF ORDER ON STAGGERED EXPERT DISCLOSURES** |

## I. INTRODUCTION

This is a securities fraud action pursuant to § 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and SEC Rule 10b-5 promulgated thereunder. Specifically, Plaintiffs Plumbers & Pipefitters National Pension Fund, Central States, Southeast and Southwest Area Pension Fund, Carpenters Pension Fund of Illinois, and Alexander Nehring (collectively "Plaintiffs") allege that Defendants Cisco and Chambers violated § 20(a) of the Exchange Act, 15 U.S.C. § 78t(a), and that all the Individual Defendants violated §20A of the Exchange Act, 15 U.S.C. § 78t-1.

On July 2, 2003, the Court issued an Amended Scheduling Order setting forth pretrial schedule, including a date for expert disclosures. The parties have jointly submitted a proposed revised Scheduling Order setting forth their agreement on various modifications to the current case schedule. (Def. Motion for Entry Order on Staggered Expert Disclosures at 3.) Presently before the Court is Defendants' Motion for Entry of Order on Staggered Expert Disclosures. For the reasons stated below, the Court GRANTS Defendants' Motion.

## II.  BACKGROUND

Plaintiffs allege that Cisco and its top officers and directors, and its accountants issued a serious of false and misleading public statements regarding Cisco's accounting, financial results, business and prospects, all in violation the federal securities laws.  Plaintiffs allege that the false and misleading statements artificially inflated Cisco's stock price throughout the Class Period to $82 per share.  Plaintiffs allege that while the stock price was inflated, the Individual Defendants dumped over $609 million of their personal Cisco stock, which was 73% of their holdings.  After the Individual Defendants sold their stock, on February 6, 2001, Cisco announced its financial results for the fiscal 2001 second quarter, which allegedly caused Cisco's stock to fall 17% on a volume of 279 million shares.

Defendants Cisco and Price Waterhouse Coopers move this Court to require Plaintiffs to make their Rule 26(a)(2)(B) expert disclosures prior to Defendants' expert disclosures, on the basis that Plaintiffs have the burden of proof on their claims.  Plaintiffs contend that Rule 26(a)(2)(C)) contemplates a simultaneous exchange of expert disclosures as to put all parties on equal footing.  In addition, Plaintiffs argue that although Plaintiffs have the burden of proof as to their claims, Defendants have the burden of proof as to their affirmative defenses.

## III.  DISCUSSION

Rule 26(a)(2(c) of the Federal Rule of Civil Procedure dictates the timing of the disclosures:

> These disclosures shall be made at the times and in the sequence directed by the court. In the absence of other directions from the court or stipulation by the parties, the disclosures shall be made at least 90 days before the trial date or the date the case is to be ready for trial, or, if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under paragraph (2)(B), within 30 days after the disclosure made by the other party. The parties shall supplement these disclosures when required under subdivision (e)(1).

Fed. R. Civ. P 26(a)(2)(C).

Accordingly, Rule 26(a)(2)(C) provides an alternative procedure for the disclosure of experts in the event a court does not give any guidance on the subject.  In this case, the Court issued an Amended Scheduling Order on July 2, 2003 pursuant to the parties' jointly filed case management statement. The Scheduling Order directed the parties to disclose their experts and the anticipated testimony on or

2

1  before July 29, 2005. Pursuant to the agreement between the parties, the July 29 is now moot.

2  Because this Court assumed responsibility for setting disclosure dates, Rule 26(a)(2)(C)'s alternative

3  procedure is not implicated. However, Rule 16(b)(4) of the Federal Rule of Civil Procedure gives

4  this Court the authority to issue "modifications of the times for disclosures under Rules 26(a) and

5  26(e)(1) and of the extent of discovery to be permitted." Fed. R. Civ. P. 16(b)(4). Thus, to the extend

6  that the Court assumed responsibility for setting disclosure dates in this case, the Court may also

7  modify its own pretrial schedule upon a showing of good cause. See Fed. R. Civ. P. 16(b)(6).

8      Plaintiffs contends that the Court's Scheduling Order required that the parties "simultaneously

9  exchange their initial reports . . . and simultaneously exchange their rebuttal reports . . . " (Opp'n at 2.)

10  Plaintiffs' use of the word "simultaneous" is disingenuous because the Court did not use the word in

11  its Scheduling Order. The Scheduling Order states:

> 3. Any party wishing to present expert witness testimony with respect to a claim or a defense shall lodge with the Court and serve on all other parties the name, address, qualifications, resume and a written report which complies with Fed.R.Civ.P. 26(a)(2)(B) on or before July 29, 2005.
> . . .
> 7. If the testimony of the expert is intended solely to contradict or rebut opinion testimony on the same matter identified by another party, the party proffering a rebuttal expert shall make the disclosures required by Fed.R.Civ.P. 26(a)(2)(B), no later than August 8, 2003.

(Scheduling Order, July 2, 2003 at 2.)

18  It is clear that neither the disclosure or rebuttal of expert witnesses sections used the word

19  "simultaneous". In a complex securities fraud case with multiple types of allegations such as this one,

20  Plaintiffs clearly have the burden to prove all the elements of their claims. For example, Plaintiffs

21  experts may advance a number of theories with respect to the measure of damages. Thus, to respond

22  to these theories, Defendants expert must know of them in advance. Accordingly, requiring Plaintiffs

23  to make their Rule 26(a)(2) disclosures in advance of Defendants is more consistent with the parties'

24  burdens in this case.

25      Furthermore, Plaintiffs would not be prejudiced by disclosing their expert reports first. Since

26  Plaintiffs have the burden of proof, Plaintiffs have the burden of presenting the evidence first.

27  Plaintiffs will have an opportunity to respond to Defendants' expert reports in their rebuttal reports,

3

including theories relied upon by Defendants experts with respect to their affirmative defenses. The Court finds that in this case, simultaneously disclosure would in fact prejudice the Defendants. Hypothetically, if the Court is to adopt Plaintiffs' expert disclosures, Defendants would have to respond to all of Plaintiffs' possible theories of liability rather than focus on theories relied upon by Plaintiffs' experts. This would result in needless waste of resources. Plaintiff argues that staggering expert disclosures would give the Defendants "two bites at the apple" in that after reading Plaintiffs' initial reports, Defendants would be able to respond to those reports in both their initial reports and rebuttal reports. (Opp'n at 2.) This argument is moot in light of the Court's adoption of Defendants' proposed disclosure schedule. Defendants are not seeking to have rebuttal reports following Plaintiffs' rebuttal. Considering that Defendants will file their initial report after Plaintiffs, their report is equivalent of a rebuttal, thus eliminating a need to file additional ones.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' Motion for Entry of Order on Staggered Expert Disclosures. The Court hereby adopts the following dates as part of the disclosure schedule:

| | |
|---|---|
| Plaintiff's Expert Reports Due | October 10, 2005 |
| Defendants' Expert Reports Due | November 16, 2005 |
| Plaintiffs' Rebuttal Reports Due | November 30, 2005 |

None of the dates set in this Order may be changed without an order of the Court made after a motion is duly filed and made pursuant to the Local Rules of this Court.

Dated: June 20, 2005                           /s/ James Ware
                                               JAMES WARE
                                               United States District Judge

4

**United States District Court**
For the Northern District of California

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Alice L. Jensen ajensen@fenwick.com
Brian J. Robbins robbins@ruflaw.com
Bruce C. Gibney bgibney@hewm.com
Connie Cheung conniec@milberg.com
Daniel C. Girard girardgibbs@girardgibbs.com
Daniel S. Drosman DanD@lerachlaw.com
Daniel T. Rockey drockey@hewm.com
Darren J. Robbins e_file_sd@lerachlaw.com
Dean S. Kristy dkristy@fenwick.com
Eric J. Belfi ebelfi@murrayfrank.com
Ethan Richard York eyork@winston.com
Felix Lee flee@fenwick.com
George E. Barrett gbarrett@barrettjohnston.com
George H. Brown gbrown@hewm.com
James G. Stranch jgs@branstetterlaw.com
Kevin P. Muck kmuck@fenwick.com
Lesley E. Weaver lesleyw@milberg.com
Lionel Z. Glancy info@glancylaw.com
Matthew Paul Montgomery mattm@lerachlaw.com
Michael L. Rugen mrugen@hewm.com
Norman J. Blears nblears@hewm.com
Patrice L. Bishop service@ssbla.com
Robert A. Jigarjian CAND.USCOURTS@CLASSCOUNSEL.COM
Ruth Marian Bond Rbond@hewm.com
Spencer A. Burkholz SpenceB@lerachlaw.com
Stuart L. Berman sberman@sbclasslaw.com
Willem F. Jonckheer wjonckheer@schubert-reed.com
William S. Lerach billl@lerachlaw.com

**Dated: June 20, 2005**                                        **Richard W. Wieking, Clerk**

                                                                **By:   /s/ JW Chambers**
                                                                         **Ronald L. Davis**
                                                                         **Courtroom Deputy**

5