DANIEL J. BERGESON, Bar No. 105439
DONALD P. GAGLIARDI, Bar No. 138979
DEREK H. LIM, Bar No. 209496
BERGESON, LLP
303 Almaden Boulevard, Suite 500
San Jose, CA 95110-2712
Telephone: (408) 291-6200
Facsimile: (408) 297-6000

Attorneys for Non-Parties
MICHAEL BROOKS
SOLECTRON CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| IN RE CISCO SYSTEMS, INC. SECURITIES LITIGATION | Case No. C 01-20418 JW (PVT) |
|---|---|
| | **NON-PARTIES MICHAEL BROOKS' AND SOLECTRON CORPORATION'S NOTICE OF MOTION AND MOTION FOR IMPOSITION OF MONETARY DISCOVERY SANCTIONS AGAINST PLAINTIFFS' COUNSEL** |
| | Date: February 24, 2006 |
| | Time: 8:15 a.m. (*Via Telephonic Hearing*) |
| | Location: JAMS – San Francisco |
| | Hon. Edward A. Infante |

1 **NOTICE OF MOTION AND MOTION**

2 TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

3    Please take notice that, on February 24, 2006 at 8:15 a.m. by telephonic hearing, or as soon
4 thereafter as counsel maybe heard at JAMS' San Francisco Office, located at Two Embarcadero
5 Center, Suite 1100, San Francisco, California, non-parties Michael Brooks ("Brooks") and
6 Solectron Corporation ("Solectron") hereby move the Court for an order imposing monetary
7 discovery sanctions against Plaintiffs' counsel of record, Lerach Coughlin Stoia Geller Rudman &
8 Robbins, LLP, for their refusal to withdraw a defective trial subpoena.

9    The motion for imposition of monetary discovery sanctions against Plaintiffs' counsel of
10 record, Lerach Coughlin Stoia Geller Rudman & Robbins, LLP, is made pursuant to FRCP
11 45(c)(1) on the grounds that "[s]anctions are properly imposed and attorney's fees are awarded
12 where, as here, the party improperly issuing the subpoena refused to withdraw it, requiring the
13 non-party to institute a motion to quash." *Night Hawk Limited v. Briarpatch Limited, L.P.*, No. 03
14 CIV. 1382, 2003 WL 23018833, *9 (S.D.N.Y. December 23, 2003).

15    This motion is based upon this notice of motion, the attached memorandum of points and
16 authorities in support thereof, the declaration of Donald P. Gagliardi, Mr. Brooks' and Solectron's
17 Motion to Quash Trial Subpoena and the supporting declaration of Mr. Gagliardi, each filed
18 concurrently herewith, the complete court files and records, and such further evidence and
19 argument as may hereinafter be presented.

20             **MEMORANDUM OF POINTS AND AUTHORITIES**
21 **I.     INTRODUCTION AND BACKGROUND**

22    On September 28, 2005, Plaintiffs' counsel purported to serve on non-party Michael
23 Brooks a Trial Subpoena in this matter. The Trial Subpoena was defective *inter alia* because
24 Plaintiffs' counsel failed to simultaneously provide the legally-required per diem witness or
25 mileage fees. In conjunction with this motion for imposition of monetary discovery sanctions
26 against Plaintiffs' counsel, Michael Brooks ("Brooks") and Solectron Corporation ("Solectron")
27 (collectively, "Non-Parties") filed a Motion to Quash the Trial Subpoena ("Motion To Quash"),
28

---
1
NON-PARTIES MICHAEL BROOKS' AND SOLECTRON CORPORATION'S NOTICE OF MOTION AND
MOTION FOR IMPOSITION OF MONETARY DISCOVERY SANCTIONS AGAINST PLAINTIFFS' COUNSEL
C 01-20418 JW (PVT)

which is hereby incorporated by reference. Pursuant to Civil Local Rule 7-8, Non-Parties separately move for the imposition of sanctions related to Plaintiffs' counsel's refusal to withdraw the Trial Subpoena.

Counsel for Non-Parties have met and conferred with Plaintiffs' counsel in an attempt to have Plaintiffs' withdraw the defective subpoena, to no avail. Accordingly, Mr. Brooks and Solectron seek the imposition of monetary discovery sanctions against Plaintiffs' counsel of record, Lerach, Coughlin, Stoia, Geller, Rudman & Robbins, LLP. *Night Hawk Limited v. Briarpatch Limited, L.P.*, No. 03 CIV. 1382, 2003 WL 23018833, *9 (S.D.N.Y. December 23, 2003).

## II. ARGUMENT

### A. Plaintiffs' Counsel Should be Monetarily Sanctioned for Misuse of the Discovery Process by Refusing to Withdraw an Obviously Defective Subpoena.

Federal Rule of Civil Procedure 45(c)(1) provides that:

> A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

*Id.*

Further, sanctions are properly imposed and attorney's fees awarded where the party improperly issuing the subpoena refused to withdraw it, requiring the non-party to institute a motion to quash. *Night Hawk Limited v. Briarpatch Limited, L.P.*, No. 03 CIV. 1382, 2003 WL 23018833, *8-9 (S.D.N.Y. December 23, 2003).

In this instance, Plaintiffs' counsel failed to tender the required witness and mileage fees when Plaintiffs purported to serve the Trial Subpoena on Mr. Brooks. *CF & I Steel Corp. v. Mitsui & Co.* 713 F. 2d 494 (9th Cir. 1983). Counsel for non-parties Michael Brooks and Solectron repeatedly advised Plaintiffs' counsel of the defect and requested that the subpoena be

withdrawn.[1] Despite being aware of the existence of clearly established Ninth Circuit law showing the Trial Subpoena is defective, Plaintiffs' counsel has refused to withdraw the defective Trial Subpoena. (Gagliardi Decl. Motion To Quash, ¶ 23, Ex. T). The actions of Plaintiffs' counsel are clearly unreasonable and run afoul of the spirit and intent of FRCP 45(c)(1). Accordingly, the imposition of monetary discovery sanctions against Plaintiffs' counsel is appropriate. *Night Hawk Limited v. Briarpatch Limited, L.P.*, No. 03 CIV. 1382, 2003 WL 23018833, *9 (S.D.N.Y. December 23, 2003). Non-Parties request as a sanction reimbursement to their attorney's fees incurred on the Motion to Quash. (*See* Declaration of Donald P. Gagliardi in Support of Motion For Imposition Of Monetary Discovery Sanctions Against Plaintiffs' Counsel, ¶ 2).

## III.  CONCLUSION

Based on the foregoing, non-parties Michael Brooks and Solectron respectfully request that this Court enter an order imposing monetary discovery sanctions against Plaintiffs' counsel of record, the law firm of Lerach Coughlin Stoia Geller Rudman & Robbins, LLP, for misuse of the discovery process by refusing to withdraw an obviously defective subpoena.

Dated:  December 1, 2005                    BERGESON, LLP

                                            By: _____/s/_____
                                                Donald P. Gagliardi
                                            Attorneys for Non-Parties
                                            MICHAEL BROOKS and SOLECTRON CORPORATION

---

[1] Plaintiffs' counsel was further advised that the Trial Subpoena placed an undue burden on Mr. Brooks, as it required him to travel over 100 miles from his residence and place of employment to testify at trial. Moreover, Mr. Brooks' appearance at trial is completely unnecessary as Plaintiffs preserved his September 28, 2005 deposition testimony on videotape.