MICHAEL L. RUGEN (Bar No. 85578)
CAROL LYNN THOMPSON (Bar No. 148079)
NICOLE M. RYAN (Bar No. 175980)
HELLER EHRMAN LLP
333 Bush Street
San Francisco, California 94104-2878
Telephone: (415) 772-6000
Facsimile: (415) 772-6268
michael.rugen@hellerehrman.com
carollynn.thompson@hellerehrman.com
nicole.ryan@hellerehrman.com

NORMAN J. BLEARS (Bar No. 95600)
HELLER EHRMAN LLP
275 Middlefield Road
Menlo Park, California 94025-3506
Telephone: (650) 324-7000
Facsimile: (650) 324-0638
norman.blears@hellerehrman.com
daniel.rockey@hellerehrman.com

Attorneys for Defendant
PRICEWATERHOUSECOOPERS LLP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re CISCO SYSTEMS INC. SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | No. C-01-20418-JW (PVT)<br><br><u>CLASS ACTION</u><br><br>**[PROPOSED] ORDER GRANTING DEFENDANT PRICEWATERHOUSE-COOPERS LLP'S MOTION EXCLUDE EXPERT TESTIMONY OF D. PAUL REGAN**<br><br>The Honorable James Ware<br>Date: June 12, 2006<br>Time: 9:00 a.m.<br>Courtroom 8, Fourth Floor<br>Trial Date: October 4, 2006 |

1  The Court has considered Defendant PricewaterhouseCoopers LLP's ("PwC") motion to exclude certain testimony of plaintiffs' proffered accounting and auditing expert D. Paul Regan. The Court has also considered plaintiffs' opposition to the motion and PwC's reply thereto, as well as the arguments of counsel before this Court on September 18, 2006.  The Court concludes as follows.

1. Mr. Regan has offered expert opinion testimony criticizing Cisco's accounting for pre-funded inventory ("PFI") transactions.  However, plaintiffs have not identified any material false statements resulting from Cisco's accounting for PFI transactions, a necessary element of their claim under Section 10(b) of the Securities Exchange Act of 1934 (15 U.S.C. § 78j). *See In re Verifone Sec. Litig.,* 11 F.3d 865, 869-70 (9th Cir. 1993); *In re Merck & Co. Sec. Litig.,* 432 F.3d 261, 275-76 (3d Cir. 2005).  Consequently, Mr. Regan's testimony regarding PFI transactions is not relevant and will not assist the trier of fact.  Fed. R. Evid. 401, 702.  Moreover, even if such testimony had some relevance, its probative value would be substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury and by considerations of undue delay and waste of time.  Fed. R. Evid. 403.  Consequently, Mr. Regan's testimony regarding PFI transactions is not admissible.

2. In addition to criticizing Cisco's accounting for PFI transactions, Mr. Regan has offered expert opinion testimony criticizing Cisco's non-disclosure of alleged related party transactions and PwC's work concerning such transactions.  However, plaintiffs do not claim any damages resulting from Cisco's allegedly incorrect accounting for PFI transactions or its alleged non-disclosure of related party transactions, a necessary element of their claim under Section 10(b) of the Securities Exchange Act of 1934 (15 U.S.C. § 78j).  *See Feldman v. Pioneer Petroleum, Inc.,* 813 F.2d 296, 302 (10th Cir. 1987).  Consequently, Mr. Regan's testimony regarding PFI transactions and related party transactions is not relevant and will not assist the trier of fact.  Fed. R. Evid. 401, 702. Moreover, even if such testimony had some relevance, its probative value would be substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury and by considerations of undue delay and waste of time.  Fed. R. Evid. 403.  Consequently, Mr. Regan's testimony regarding PFI transactions and related party transactions is not admissible.

1      3. Mr. Regan has offered expert opinion testimony criticizing PwC's reviews of Cisco's unaudited quarterly financial statements. PwC issued no opinion and made no public statement in connection with Cisco's quarterly financial statements, and consequently, PwC has no potential liability under Section 10(b) of the Securities Exchange Act of 1934 (15 U.S.C. § 78j) for alleged misstatements or omissions in those financial statements. As a result, Mr. Regan's testimony regarding PwC's reviews of Cisco's quarterly financial statements is not relevant and will not assist the trier of fact. Fed. R. Evid. 401, 702. Moreover, even if such testimony had some relevance, its probative value would be substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury and by considerations of undue delay and waste of time. Fed. R. Evid. 403. Consequently, Mr. Regan's testimony regarding PwC's reviews of Cisco's quarterly financial statements is not admissible.

      4. Mr. Regan has asserted the opinion that PwC's conduct constituted an "extreme departure from the ordinary standard of care of an auditor." This opinion is not based upon sufficient facts or data or a reliable methodology. Fed. R. Evid. 702. It is also a legal conclusion that merely seeks to tell the jury how to apply the facts of this case to the law and is therefore inadmissible under Rules 403 and 702. *See United States v. Scop,* 846 F.2d 135, 139-140 (2d Cir. 1988). As a result, Mr. Regan's "extreme departure" opinion is not admissible.

      5. Mr. Regan has sought to offer observations and commentary regarding conditions in the high-technology and telecommunications industries, including the internet service provider ("ISP") and community local exchange carrier ("CLEC") sectors during the class period. Mr. Regan lacks the qualifications to offer expert testimony on these topics, and the observations he has offered in his reports lack sufficient foundation. Fed. R. Evid. 702. As a result, Mr. Regan's testimony regarding the high-technology and telecommunications industries, including the ISP and CLEC sectors is not admissible.

      It is therefore ORDERED that to the extent plaintiffs choose to present the testimony of Mr. Regan at trial, he may not testify regarding PFI transactions, related party transactions, PwC's reviews of Cisco's quarterly financial statements, or conditions in the high-technology and telecommunications industries, including the ISP and CLEC sectors. It is further ORDERED that

1  Mr. Regan may not offer the opinion that PwC's conduct constituted an "extreme departure from
2  the ordinary standard of care of an auditor."
3
4  IT IS SO ORDERED.
5
6  Dated: _____, 2006       _____
7                                              THE HONORABLE JAMES WARE
                                                   United States District Judge

3
[PROPOSED] ORDER GRANTING DEF. PWC'S MOTION TO EXCLUDE EXPERT TESTIMONY
OF D. PAUL REGAN
CASE NO. C-01-20418-JW