LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
WILLIAM S. LERACH (68581)
KEITH F. PARK (54275)
SPENCER A. BURKHOLZ (147029)
DANIEL S. DROSMAN (200643)
JONAH H. GOLDSTEIN (193777)
MATTHEW P. MONTGOMERY (180196)
LUCAS F. OLTS (234843)
JESSICA D. TALLY (234432)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
BillL@lerachlaw.com
KeithP@lerachlaw.com
SpenceB@lerachlaw.com
DanD@lerachlaw.com
JonahG@lerachlaw.com
MattM@lerachlaw.com
LukeO@lerachlaw.com
JessicaT@lerachlaw.com
  – and –
PATRICK J. COUGHLIN (111070)
LESLEY E. WEAVER (191305)           LEVIN, PAPANTONIO, THOMAS, MITCHELL,
100 Pine Street, Suite 2600             ECHSNER & PROCTOR, P.A.
San Francisco, CA 94111             TIMOTHY M. O'BRIEN (*pro hac vice*)
Telephone: 415/288-4545             316 South Baylen Street, Suite 600
415/288-4534 (fax)                  Pensacola, FL 32501
PatC@lerachlaw.com                  Telephone: 850/435-7000
LesleyW@lerachlaw.com               850/497-7057 (fax)

Co-Lead Counsel for Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re CISCO SYSTEMS, INC. SECURITIES LITIGATION | Master File No. C-01-20418-JW(PVT) |
| | CLASS ACTION |
| This Document Relates To: | STIPULATION OF SETTLEMENT |
| ALL ACTIONS. | |

This Stipulation of Settlement dated as of August 28, 2006 (the "Stipulation"), is made and entered into by and among the following Settling Parties (as defined further in §IV hereof) to the above-entitled Litigation: (i) the Lead Plaintiffs (on behalf of themselves and each of the Class Members), by and through their counsel of record in the Litigation; (ii) the Cisco Defendants, by and through their counsel of record in the Litigation; and (3) PricewaterhouseCoopers LLP ("PwC") (collectively, "Defendants"), by and through their counsel of record in the Litigation.   The Stipulation is intended by the Settling Parties to fully, finally and forever resolve, discharge and settle the Released Claims (as defined herein), upon and subject to the terms and conditions hereof.

## I.     THE LITIGATION

On and after April 20, 2001, the following actions were filed in the United States District Court for the Northern District of California (the "Court") as securities class actions on behalf of purchasers of Cisco Systems, Inc. ("Cisco") securities during defined periods of time.

| CASE NAME | CASE NUMBER |
|---|---|
| *Plumbers & Pipefitters Local 572 Pension Fund v. Cisco Systems, Inc., et al.* | C-01-20418-JW |
| *Walanka v. Cisco Systems, Inc., et al.* | C-01-1587-MEJ |
| *Pirelli Armstrong Tire Corp. Retiree Medical Benefits Trust v. Cisco Systems, Inc., et al.* | C-01-20375-JW |
| *Lloyd v. Cisco Systems, Inc., et al.* | C-01-1613-EDL |
| *Rubin v. Cisco Systems, Inc., et al.* | C-01-1608-MEJ |
| *Caresio v. Cisco Systems, Inc., et al.* | C-01-1623-MEJ |
| *Deitel v. Cisco Systems, Inc., et al.* | C-01-1629-MEJ |
| *Schneier v. Cisco Systems, Inc., et al.* | CX-01-1641-EDL |
| *Kofsky v. Cisco Systems, Inc., et al.* | C-01-1683-EDL |
| *Hsu v. Cisco Systems, Inc., et al.* | C-01-1699-JL |
| *Orlando v. Cisco Systems, Inc., et al.* | C-01-1719-MEJ |

| *Maurer v. Cisco Systems, Inc., et al.* | C-01-1743-WDB |
| *Campanella v. Cisco Systems, Inc., et al.* | C-01-1946-JCS |
| *Mayer v. Cisco Systems, Inc., et al.* | C-01-2006-MEJ |
| *Norell v. Cisco Systems, Inc., et al.* | C-01-2165-WDB |
| *Hall v. Cisco Systems, Inc., et al.* | C-01-2347-MEJ |
| *Taylor v. Cisco Systems, Inc., et al.* | C-01-2248-JCB |

These actions were consolidated under case number C-01-20418-JW for all purposes by an order filed November 15, 2001. The consolidated actions are referred to herein collectively as the "Litigation." On November 14, 2001, Alexander Nehring, Plumbers & Pipefitters National Pension Fund, Carpenters Pension Fund of Illinois, and Central States, Southeast and Southwest Areas Pension Fund, and John Petrera were appointed as Lead Plaintiffs.

The operative complaint in the Litigation is the First Amended Class Action Complaint for Violations of the Federal Securities Laws (the "Complaint"), filed December 6, 2002. The Complaint alleges violations of §§10(b), 20(a) and 20A of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder on behalf of a class of purchasers of Cisco securities.

## II.   DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

The Defendants have denied and continue to deny each and all of the claims alleged by the Lead Plaintiffs in the Litigation. The Defendants expressly have denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Litigation. The Defendants also have denied and continue to deny, *inter alia*, the allegations that the Lead Plaintiffs or the Class have suffered damage, that the price of Cisco common stock was artificially inflated by reasons of alleged misrepresentations, non-disclosures or otherwise, that any of the Individual Defendants traded on inside information, or that the Lead Plaintiffs or the Class were harmed by the conduct alleged in the Complaint and Defendants believe that the evidence developed to date supports their positions.

1    Nonetheless, the Defendants have concluded that further conduct of the Litigation would be

2  protracted and expensive, and that it is desirable that the Litigation be fully and finally settled in the

3  manner and upon the terms and conditions set forth in this Stipulation.  The Defendants also have

4  taken into account the uncertainty and risks inherent in any litigation, especially in complex cases

5  like the Litigation.  The Defendants have, therefore, determined that it is desirable and beneficial to

6  them that the Litigation be settled in the manner and upon the terms and conditions set forth in this

7  Stipulation.

8  **III.   CLAIMS OF THE LEAD PLAINTIFFS AND BENEFITS OF
         SETTLEMENT**

9

10    The Lead Plaintiffs believe that the claims asserted in the Litigation have merit and that the

11  evidence developed to date supports the claims.  However, counsel for the Lead Plaintiffs recognize

12  and acknowledge the expense and length of continued proceedings necessary to prosecute the

13  Litigation against the Defendants through trial and through appeals.  Counsel for the Lead Plaintiffs

14  also have taken into account the uncertain outcome and the risk of any litigation, especially in

15  complex actions such as the Litigation, as well as the difficulties and delays inherent in such

16  litigation.  Counsel for the Lead Plaintiffs also are mindful of the inherent problems of proof under

17  and possible defenses to the securities law violations asserted in the Litigation.  Counsel for the Lead

18  Plaintiffs believe that the settlement set forth in the Stipulation confers substantial benefits upon the

19  Class.  Based on their evaluation, counsel for the Lead Plaintiffs have determined that the settlement

20  set forth in the Stipulation is in the best interests of the Lead Plaintiffs and the Class.

21  **IV.   TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT**

22    NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the

23  Lead Plaintiffs (for themselves and the Class Members) and the Defendants, by and through their

24  respective counsel or attorneys of record, that, subject to the approval of the Court, the Litigation and

25  the Released Claims shall be finally and fully compromised, settled and released, and the Litigation

26  shall be dismissed with prejudice, as to all Settling Parties, upon and subject to the terms and

27  conditions of the Stipulation, as follows:

28

1

**1.     Definitions**

2     As used in the Stipulation the following terms have the meanings specified below:

3     1.1     "Authorized Claimant" means any Class Member whose claim for recovery has been

4     allowed pursuant to the terms of the Stipulation.

5     1.2     "Cisco" means Cisco Systems, Inc.

6     1.3     "Cisco Defendants" means Cisco Systems, Inc. and the Individual Defendants.

7     1.4     "Claims Administrator" means the firm of Gilardi & Co. LLC.

8     1.5     "Class" means all Persons (other than those Persons who timely and validly request

9     exclusion from the Class) who purchased Cisco securities between November 10, 1999 and February

10    6, 2001 and held those securities on the last day of that period.  Excluded from the Class are the

11    Defendants and officers and directors of the Defendants, as well as their families, and the families of

12    any Defendant.

13    1.6     "Class Member" or "Member of the Class" means a Person who falls within the

14    definition of the Class as set forth in ¶1.5 above.

15    1.7     "Class Period" means the period commencing on November 10, 1999 through

16    February 6, 2001, inclusive.

17    1.8     "Defendants" means the Cisco Defendants and PwC.

18    1.9     "Effective Date," or the date upon which this settlement becomes "effective," means

19    three (3) business days after the date by which all of the events and conditions specified in ¶7.1 of

20    the Stipulation have been met and have occurred.

21    1.10    "Escrow Agent" means the law firm of Lerach Coughlin Stoia Geller Rudman &

22    Robbins LLP or its successor(s).

23    1.11    "Final" means when the last of the following with respect to the Judgment approving

24    the Stipulation, substantially in the form of Exhibit B attached hereto, shall occur: (i) the expiration

25    of the time to file a motion to alter or amend the Judgment under Federal Rule of Civil Procedure

26    59(e) without any such motion having been filed; (ii) the time in which to appeal the Judgment has

27    passed without any appeal having been taken; and (iii) if a motion to alter or amend is filed or if an

28    appeal is taken, immediately after the determination of that motion or appeal so that it is no longer

STIPULATION OF SETTLEMENT - C-01-20418-JW(PVT)                                    - 4 -

subject to any further judicial review or appeal whatsoever, whether by reason of affirmance by a court of last resort, lapse of time, voluntary dismissal of the appeal or otherwise in such a manner as to permit the consummation of the settlement substantially in accordance with the terms and conditions of this Stipulation. For purposes of this paragraph, an "appeal" shall include any petition for a writ of certiorari or other writ that may be filed in connection with approval or disapproval of this settlement, but shall not include any appeal which concerns only the issue of attorneys' fees and reimbursement of expenses or any Plan of Allocation of the Settlement Fund, as hereinafter defined.

1.12    "Individual Defendants" means John Chambers, Larry Carter, Judith L. Estrin, Gary J. Daichendt, Carl Redfield, Donald J. Listwin, Michaelangelo Volpi, Donald Valentine, Steven West and Edward Kozel.

1.13    "Judgment" means the Final Judgment and Order of Dismissal With Prejudice to be rendered by the Court, substantially in the form attached hereto as Exhibit B.

1.14    "Lead Plaintiffs" means Alexander Nehring, Plumbers & Pipefitters National Pension Fund, Carpenters Pension Fund of Illinois, and Central States, Southeast and Southwest Areas Pension Fund, and John Petrera.

1.15    "Litigation" means the consolidated actions under case number C-01-20418-JW.

1.16    "Net Settlement Fund" means the Settlement Fund less any attorneys' fees, costs and expenses, and any awards to Lead Plaintiffs, provided for herein or approved by the Court and less notice and administration costs, Taxes and Tax Expenses and other Court-approved deductions.

1.17    "Person" means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assignees.

1.18    "Plaintiffs' Co-Lead Counsel" means: Lerach Coughlin Stoia Geller Rudman & Robbins LLP, Keith F. Park, Spencer A. Burkholz, 655 W. Broadway, Suite 1900, San Diego, CA, 92101; and Lerach Coughlin Stoia Geller Rudman & Robbins LLP, Patrick J. Coughlin, 100 Pine Street, Suite 2600, San Francisco, CA 94111; and Levin, Papantonio, Thomas, Mitchell, Echsner & Proctor, P.A., Timothy M. O'Brien, 316 South Baylen Street, Suite 600, Pensacola, FL 32501.

1.19   "Plan of Allocation" means a plan or formula of allocation of the Settlement Fund whereby the Settlement Fund shall be distributed to Authorized Claimants after payment of expenses of notice and administration of the settlement, Taxes and Tax Expenses and such attorneys' fees, costs, expenses and interest, as well as Lead Plaintiffs' expenses if any as may be awarded by the Court. Any Plan of Allocation is not part of the Stipulation and neither Defendants nor their Related Parties shall have any responsibility or liability with respect thereto.

1.20   "PwC" means PricewaterhouseCoopers LLP.

1.21   "Related Parties" means each of a Defendant's past or present directors, officers, employees, partners, insurers, co-insurers, reinsurers, controlling shareholders, attorneys, accountants or auditors, personal or legal representatives, predecessors, successors, parents, subsidiaries, divisions, joint ventures, assigns, spouses, heirs, related or affiliated entities, any entity in which a Defendant has a controlling interest, any members of any Individual Defendant's immediate family, or any trust of which any Individual Defendant is the settlor or which is for the benefit of any Individual Defendant's family.

1.22   "Released Claims" shall collectively mean any and all claims arising from the purchase (as the term is used in the Securities Exchange Act to include contract to buy, purchase, or otherwise acquire) or sale of Cisco securities and relating in any way to Cisco's financial statements, the sale of securities by any Cisco officer, director or employee, or any other acts, facts, statements or omissions during the Class Period that are alleged or could have been alleged in the Litigation. "Released Claims" includes "Unknown Claims" as defined in ¶1.27 hereof.

1.23   "Released Persons" means each and all of the Defendants and their Related Parties.

1.24   "Settlement Amount" means Ninety-Nine Million Two Hundred and Fifty Thousand Dollars ($99,250,000) in cash to be paid by wire transfer to the Escrow Agent pursuant to ¶2.1 of this Stipulation.

1.25   "Settlement Fund" means the Settlement Amount plus all interest and accretions thereto and which may be reduced by payments on deductions as provided herein or by Court order.

1.26   "Settling Parties" means, collectively, the Defendants and the Lead Plaintiffs on behalf of themselves and the Members of the Class.

STIPULATION OF SETTLEMENT - C-01-20418-JW(PVT)                                    - 6 -

1.27    "Unknown Claims" means any Released Claims which any Lead Plaintiff or Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to this settlement.  With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, the Lead Plaintiffs shall expressly and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights and benefits of California Civil Code §1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor**.

The Lead Plaintiffs shall expressly and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code §1542. The Lead Plaintiffs and Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but each Lead Plaintiff shall expressly and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Lead Plaintiffs acknowledge, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part.

**2.   The Settlement**

    **a.   The Settlement Fund**

2.1    The principal amount of $99,250,000 in cash shall be transferred to the Escrow Agent on or before one (1) business day following preliminary approval of the Settlement by the Court. Preliminary approval of the settlement, as provided in ¶3.1 hereof, shall not be sought until September 11, 2006.  The Cisco Defendants shall pay or cause to be paid $91.75 million to the Escrow Agent, and PwC shall pay or cause to be paid $7.5 million to the Escrow Agent.  If the entire Settlement Amount is not so transferred to the Escrow Agent by September 30, 2006, Lead Plaintiffs may terminate the Settlement.

    **b.   The Escrow Agent**

2.2    The Escrow Agent shall invest the Settlement Fund deposited pursuant to ¶2.1 hereof in instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates.  All risks related to the investment of the Settlement Fund shall be borne by the Settlement Fund.  Plaintiffs' Co-Lead Counsel shall provide Defendants' counsel with monthly statements showing the income earned on and the expenses paid from the Settlement Fund.

2.3    The Escrow Agent shall not disburse the Settlement Fund except as provided in the Stipulation, by an order of the Court, or with the written agreement of counsel for Defendants.

2.4    Subject to further order(s) and/or directions as may be made by the Court, or as provided in the Stipulation, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of the Stipulation.

2.5    All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

2.6    No sooner than five (5) business days after preliminary approval of the settlement by the Court, the Escrow Agent may establish a "Notice and Administration Fund," and may deposit up to $1,000,000 from the Settlement Fund in it without further order of the Court.  The Notice and

1   Administration Fund may be used by Plaintiffs' Co-Lead Counsel to pay costs and expenses

2   reasonably and actually incurred in connection with providing notice to the Class, locating Class

3   Members, soliciting claims, assisting with the filing of claims, administering and distributing the

4   Settlement Fund to Authorized Claimants, processing Proof of Claim and Release forms and paying

5   escrow fees and costs, if any.  The Notice and Administration Fund shall also be invested and earn

6   interest as provided for in ¶2.2 of this Stipulation.

7          **c.     Taxes**

8          2.7    (a)     The Settling Parties and the Escrow Agent agree to treat the Settlement Fund

9   as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. §1.468B-1.  In

10  addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out

11  the provisions of this ¶2.7, including the "relation-back election" (as defined in Treas. Reg. §1.468B-

12  1) back to the earliest permitted date.   Such elections shall be made in compliance with the

13  procedures and requirements contained in such regulations.   It shall be the responsibility of the

14  Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature

15  by all necessary parties, and thereafter to cause the appropriate filing to occur.

16         (b)     For the purpose of §1.468B of the Internal Revenue Code of 1986, as

17  amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow

18  Agent.  The Escrow Agent shall timely and properly file all informational and other tax returns

19  necessary or advisable with respect to the Settlement Fund (including without limitation the returns

20  described in Treas. Reg. §1.468B-2(k)).  Such returns (as well as the election described in ¶2.7(a)

21  hereof) shall be consistent with this ¶2.7 and in all events shall reflect that all Taxes (including any

22  estimated Taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out

23  of the Settlement Fund as provided in ¶2.7(c) hereof.

24         (c)     All (a) Taxes (including any estimated Taxes, interest or penalties) arising

25  with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that

26  may be imposed upon the Defendants or their counsel with respect to any income earned by the

27  Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified

28  settlement fund" for federal or state income tax purposes ("Taxes"), and (b) expenses and costs

STIPULATION OF SETTLEMENT - C-01-20418-JW(PVT)                                    - 9 -

1  incurred in connection with the operation and implementation of this ¶2.7 (including, without

2  limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and

3  expenses relating to filing (or failing to file) the returns described in this ¶2.7) ("Tax Expenses"),

4  shall be paid out of the Settlement Fund; in all events the Defendants and their counsel shall have no

5  liability or responsibility for the Taxes or the Tax Expenses. The Settlement Fund shall indemnify

6  and hold each of the Defendants and their counsel harmless for Taxes and Tax Expenses (including,

7  without limitation, Taxes payable by reason of any such indemnification). Further, Taxes and Tax

8  Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund

9  and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from

10 the Court and the Escrow Agent shall be authorized (notwithstanding anything herein to the

11 contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such

12 amounts including the establishment of adequate reserves for any Taxes and Tax Expenses (as well

13 as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(l)(2)); neither the

14 Defendants nor their counsel are responsible nor shall they have any liability therefor. The parties

15 hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants

16 to the extent reasonably necessary to carry out the provisions of this ¶2.7.

17          (d)     For the purpose of this ¶2.7, references to the Settlement Fund shall include

18 both the Settlement Fund and the Notice and Administration Fund and shall also include any

19 earnings thereon.

20          **d.     Termination of Settlement**

21          2.8     In the event that the Stipulation is not approved or the Stipulation is terminated,

22 canceled, or fails to become effective for any reason, the Settlement Fund (including accrued

23 interest) less expenses paid, incurred or due and owing in connection with the settlement provided

24 for herein, shall be refunded to the Defendants (in accordance with ¶7.4 herein) based on their

25 respective contributions to the Settlement Fund.

26      **3.     Preliminary Approval Order and Settlement Hearing**

27          3.1     Promptly after execution of the Stipulation, the Settling Parties shall submit the

28 Stipulation together with its Exhibits to the Court and shall apply for entry of an order (the

STIPULATION OF SETTLEMENT - C-01-20418-JW(PVT)                                    - 10 -

"Preliminary Approval Order"), substantially in the form of Exhibit A attached hereto, requesting, *inter alia*, the preliminary approval of the settlement set forth in the Stipulation, and approval for the mailing of a settlement notice (the "Notice") and publication of a summary notice, substantially in the forms of Exhibits A-1 and A-3 attached hereto.  The Notice shall include the general terms of the settlement set forth in the Stipulation, the proposed Plan of Allocation, the general terms of the Fee and Expense Application as defined in ¶6.2 hereof and the date of the Settlement Hearing as defined below.

3.2     Plaintiffs' Co-Lead Counsel shall request that after notice is given, the Court hold a hearing (the "Settlement Hearing") and approve the settlement of the Litigation as set forth herein. At or after the Settlement Hearing, Plaintiffs' Co-Lead Counsel also will request that the Court approve the proposed Plan of Allocation and the Fee and Expense Application and the Lead Plaintiffs' request for reimbursement of expenses.

**4.     Releases**

4.1     Upon the Effective Date, as defined in ¶1.9 hereof, the Lead Plaintiffs and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against the Released Persons, whether or not such Class Member executes and delivers the Proof of Claim and Release or shares in the Settlement Fund.

4.2     The Proof of Claim and Release to be executed by Class Members shall release all Released Claims against the Released Persons and shall be substantially in the form contained in Exhibit A-2 attached hereto.

4.3     Upon the Effective Date, all Class Members and anyone claiming through or on behalf of any of them, will be forever barred and enjoined from commencing, instituting, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, asserting the Released Claims against any of the Released Persons.

4.4     Upon the Effective Date as defined in ¶1.9 hereof, each of the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged each and all of the Class Members and counsel to the Lead Plaintiffs

from all claims (including Unknown Claims) arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Litigation or the Released Claims.

### 5.  Administration and Calculation of Claims, Final Awards and Supervision and Distribution of the Settlement Fund

5.1     The Claims Administrator, subject to such supervision and direction of the Court as may be necessary or as circumstances may require, shall administer and calculate the claims submitted by Class Members and shall oversee distribution of the Net Settlement Fund to Authorized Claimants.

5.2     The Settlement Fund shall be applied as follows:

(a)     to pay all the costs and expenses reasonably and actually incurred in connection with providing notice, locating Class Members, soliciting Class claims, assisting with the filing of claims, administering and distributing the Settlement Fund to Authorized Claimants, processing Proof of Claim and Release forms and paying escrow fees and costs, if any;

(b)     to pay the Taxes and Tax Expenses described in ¶2.7 hereof; and

(c)     after entry of the Judgment, to pay counsel to the plaintiffs attorneys' fees and expenses (the "Fee and Expense Award"), and to reimburse the Lead Plaintiffs for their expenses, if and to the extent allowed by the Court;

(d)     after the Effective Date, to distribute the balance of the Settlement Fund (the "Net Settlement Fund") to Authorized Claimants as allowed by the Stipulation, the Plan of Allocation, or the Court.

5.3     After the Effective Date, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the following.

5.4     Within ninety (90) days after the mailing of the Notice or such other time as may be set by the Court, each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim and Release, substantially in the form of

1  Exhibit A-2 attached hereto, signed under penalty of perjury and supported by such documents as are

2  specified in the Proof of Claim and Release.

3       5.5    Except as otherwise ordered by the Court, all Class Members who fail to timely

4  submit a valid Proof of Claim and Release within such period, or such other period as may be

5  ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments

6  pursuant to the Stipulation and the settlement set forth herein, but will in all other respects be subject

7  to and bound by the provisions of the Stipulation, the releases contained herein, and the Judgment.

8  Notwithstanding the foregoing, Plaintiffs' Co-Lead Counsel shall have the discretion to accept late-

9  submitted claims for processing by the Claims Administrator so long as the distribution of the

10  Settlement Fund is not materially delayed thereby.

11       5.6    The Net Settlement Fund shall be distributed to the Authorized Claimants

12  substantially in accordance with the Plan of Allocation set forth in the Notice and approved by the

13  Court. If there is any balance remaining in the Net Settlement Fund after six (6) months from the

14  initial date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed

15  checks or otherwise), Plaintiffs' Co-Lead Counsel shall, if feasible, reallocate such balance among

16  Authorized Claimants in an equitable and economic fashion. Thereafter, any balance which still

17  remains in the Net Settlement Fund shall be donated to an accredited public university located in the

18  continental United States.

19       5.7    The Defendants and their Related Parties shall have no responsibility for, interest in,

20  or liability whatsoever with respect to the distribution of the Net Settlement Fund, the Plan of

21  Allocation, the determination, administration, or calculation of claims, the payment or withholding

22  of Taxes, or any losses incurred in connection therewith. No person shall have any claim of any

23  kind against Defendants or their Related Parties with respect to the matters set forth in ¶5 herein; and

24  the Class Members, the Lead Plaintiffs, and Plaintiffs' Co-Lead Counsel release Defendants and

25  their Related Parties from any and all liability and claims arising from or with respect to the

26  investment or distribution of the Settlement Fund.

27       5.8    No Person shall have any claim against Plaintiffs' Co-Lead Counsel or the Claims

28  Administrator, or other Person designated by Plaintiffs' Co-Lead Counsel based on the distributions

STIPULATION OF SETTLEMENT - C-01-20418-JW(PVT)       - 13 -

made substantially in accordance with the Stipulation and the settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

5.9     It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of the Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the settlement set forth in the Stipulation, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel the Stipulation or affect the finality of the Court's Judgment approving the Stipulation and the settlement set forth therein, or any other orders entered pursuant to the Stipulation.

5.10     Plaintiffs' Co-Lead Counsel acknowledge that Cisco has previously provided Cisco's transfer agent's records showing names and identities of Persons who purchased shares of Cisco stock during the Class Period and that such records will permit individual notice to all Members of the Class who could be identified through reasonable efforts.

**6.     Lead Plaintiffs' Counsel's Attorneys' Fees and Reimbursement of Expenses.**

6.1     If so ordered by the Court upon preliminary approval, Plaintiffs' Co-Lead Counsel shall be entitled to provisional reimbursement of 75% of their out-of-pocket expenses, subject to Plaintiffs' Co-Lead Counsel's several obligation to make appropriate refunds or repayments to the Settlement Fund plus interest at the same rate as earned on the Settlement Fund if, and when, as a result of any order, the final fee or expense award is lower than that amount.

6.2     Plaintiffs' Co-Lead Counsel may submit an application or applications (the "Fee and Expense Application") for distributions to Plaintiffs' Co-Lead Counsel from the Settlement Fund for: (a) an award of attorneys' fees; plus (b) reimbursement of actual expenses incurred in connection with prosecuting the Litigation, plus any interest on such attorneys' fees and expenses at the same rate and for the same periods as earned by the Settlement Fund (until paid) as may be awarded by the Court.  For the purposes of this provision, interest will start to accrue on the date the

1   Settlement Amount is transferred to the Escrow Agent, as provided in ¶2.1 hereof. Plaintiffs' Co-

2   Lead Counsel reserve the right to make additional applications for fees and expenses incurred.

3         6.3    The fees and expenses, as awarded by the Court, shall be paid to such of Plaintiffs'

4   Co-Lead Counsel as to whom the Court makes an award from the Settlement Fund, as ordered,

5   immediately after the Court executes an order awarding such fees and expenses and enters the

6   Judgment. Such counsel may thereafter allocate the attorneys' fees among other plaintiffs' counsel

7   in a manner in which they in good faith believe reflects the contributions of such counsel to the

8   initiation, prosecution and resolution of the Litigation.

9         6.4    In the event that the Effective Date does not occur, or the Judgment or the order

10   making the Fee and Expense Award is reversed or modified, or the Stipulation is canceled or

11   terminated for any other reason, and in the event that the provisional reimbursement described in

12   ¶6.1 or the Fee and Expense Award has been paid to any extent, then such of Plaintiffs' Co-Lead

13   Counsel who have received any portion of the provisional reimbursement as described in ¶6.1 or the

14   Fee and Expense Award shall within five (5) business days from receiving notice from Defendants'

15   counsel or from a court of appropriate jurisdiction, refund to the Settlement Fund such fees and

16   expenses previously paid to them from the Settlement Fund plus interest thereon at the same rate as

17   earned on the Settlement Fund in an amount consistent with such reversal or modification. Each

18   such Plaintiffs' Co-Lead Counsel's law firm receiving fees and expenses, as a condition of receiving

19   such fees and expenses, on behalf of itself and each partner and/or shareholder of it, agrees that the

20   law firm and its partners and/or shareholders are subject to the jurisdiction of the Court for the

21   purpose of enforcing the provisions of this paragraph. Without limitation, Plaintiffs' Co-Lead

22   Counsel and their partners agree that the Court may, upon application of Defendants and notice to

23   Plaintiffs' Co-Lead Counsel, summarily issue orders including, but not limited to, judgments and

24   attachment orders, and may make appropriate findings of or sanctions for contempt, should such law

25   firm fail timely to repay fees and expenses pursuant to this ¶6.4.

26         6.5    Lead Plaintiffs may submit an application for reimbursement of their time and

27   expenses not to exceed $75,000.00 each incurred in the prosecution of the Litigation. However, in

28   the event that the Effective Date does not occur, or the judgment or the order approving Lead

STIPULATION OF SETTLEMENT - C-01-20418-JW(PVT)         - 15 -

1  Plaintiffs' application for reimbursement of their time and expenses is reversed or modified, or the

2  Stipulation is canceled or terminated for any other reason, then such of Lead Plaintiffs who have

3  received any portion of the reimbursement as described in this paragraph shall within five (5)

4  business days from receiving notice from Defendants' counsel or from a court of appropriate

5  jurisdiction, refund to the Settlement Fund such reimbursement for time and expenses previously

6  paid to them from the Settlement Fund plus interest thereon at the same rate as earned on the

7  Settlement Fund in an amount consistent with such reversal or modification.  Each such Lead

8  Plaintiff receiving reimbursement under this paragraph, as a condition of receiving such

9  reimbursement, agrees that the Lead Plaintiff is subject to the jurisdiction of the Court for the

10  purpose of enforcing the provisions of this paragraph.  Without limitation, Lead Plaintiffs agree that

11  the Court may, upon application of Defendants and notice to Plaintiffs' Co-Lead Counsel, summarily

12  issue orders including, but not limited to, judgments and attachment orders, and may make

13  appropriate findings of or sanctions for contempt, should such Lead Plaintiff fail timely to repay any

14  reimbursement provided pursuant to this ¶6.5.

15      6.6    The procedure for and the allowance or disallowance by the Court of any applications

16  by any plaintiffs' counsel for attorneys' fees and expenses, or the expenses of the Lead Plaintiffs, to

17  be paid out of the Settlement Fund, are not part of the settlement set forth in the Stipulation, and are

18  to be considered by the Court separately from the Court's consideration of the fairness,

19  reasonableness and adequacy of the settlement set forth in the Stipulation, and any order or

20  proceeding relating to the Fee and Expense Application, or the Lead Plaintiffs' expense application,

21  or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to

22  terminate or cancel the Stipulation, or affect or delay the finality of the Judgment approving the

23  Stipulation and the settlement of the Litigation set forth therein.

24      6.7    Defendants and their Related Parties shall have no responsibility for any payment of

25  attorneys' fees and expenses to plaintiffs' counsel over and above payment out of the Settlement

26  Fund.

27      6.8    Defendants and their Related Parties shall have no responsibility for the allocation

28  among plaintiffs' counsel, and/or any other Person who may assert some claim thereto, of any Fee

and Expense Award that the Court may make in the Litigation, and Defendants and their Related Parties take no position with respect to such matters.

**7.      Conditions of Settlement, Effect of Disapproval, Cancellation or Termination**

7.1      The Effective Date of the Stipulation shall be conditioned on the occurrence of all of the following events:

(a)      Defendants have timely made their contributions to the Settlement Fund as required by ¶2.1 hereof;

(b)      the Court has entered the Preliminary Approval Order, as required by ¶3.1 hereof;

(c)      Cisco and PwC have not exercised their option to terminate the Stipulation pursuant to ¶7.3;

(d)      the Court has entered the Judgment, or a judgment substantially in the form of Exhibit B attached hereto; and

(e)      the Judgment has become Final, as defined in ¶1.11 hereof.

7.2      Upon the occurrence of all of the events referenced in ¶7.1 hereof, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished.  If all of the conditions specified in ¶7.1 hereof are not met, then the Stipulation shall be canceled and terminated subject to ¶7.4 hereof unless Plaintiffs' Co-Lead Counsel and counsel for the Defendants mutually agree in writing to proceed with the Stipulation.

7.3      Cisco and PwC shall have the option to terminate the settlement in the event that Class Members who purchased or acquired more than a certain number of shares of Cisco common stock during the Class Period choose to exclude themselves from the Class, as set forth in a separate agreement (the "Supplemental Agreement") executed between Plaintiffs' Co-Lead Counsel and Defendants' counsel.

7.4      Unless otherwise ordered by the Court, in the event the Stipulation shall terminate, or be canceled, or shall not become effective for any reason, within five (5) business days after written notification of such event is sent by counsel for Defendants, or Plaintiffs' Co-Lead Counsel to the

1   Escrow Agent the Settlement Fund (including accrued interest), plus any amount then remaining in

2   the Notice and Administration Fund (including accrued interest), less expenses which have either

3   been disbursed pursuant to ¶¶2.6 and 2.7 hereof, or are determined to be chargeable to the Notice

4   and Administration Fund, shall be refunded by the Escrow Agent pursuant to written instructions

5   from Defendants' counsel. At the request of counsel for the Defendants, the Escrow Agent or its

6   designee shall apply for any tax refund owed on the Settlement Fund and pay the proceeds, after

7   deduction of any fees or expenses incurred in connection with such application(s) for refund, at the

8   written direction of counsel to the Defendants.

9       7.5     In the event that the Stipulation is not approved by the Court or the settlement set

10  forth in the Stipulation is terminated or fails to become effective in accordance with its terms, the

11  Settling Parties shall be restored to their respective positions in the Litigation as of August 27, 2006.

12  In such event, the terms and provisions of the Stipulation, with the exception of ¶¶1.1-1.24, 2.6, 2.7,

13  6.4, 6.5, 7.4-7.6 and 8.3 hereof, shall have no further force and effect with respect to the Settling

14  Parties and shall not be used in this Litigation or in any other proceeding for any purpose, and any

15  judgment or order entered by the Court in accordance with the terms of the Stipulation shall be

16  treated as vacated, *nunc pro tunc*. No order of the Court or modification or reversal on appeal of any

17  order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees, costs,

18  expenses and interest awarded by the Court to any of plaintiffs' counsel or expenses to the Lead

19  Plaintiffs shall constitute grounds for cancellation or termination of the Stipulation.

20      7.6     If the Effective Date does not occur, or if the Stipulation is terminated pursuant to its

21  terms, neither the Lead Plaintiffs nor any of their counsel shall have any obligation to repay any

22  amounts actually and properly disbursed from the Notice and Administration Fund. In addition, any

23  expenses already incurred and properly chargeable to the Notice and Administration Fund pursuant

24  to ¶2.6 hereof at the time of such termination or cancellation but which have not been paid, shall be

25  paid by the Escrow Agent in accordance with the terms of the Stipulation prior to the balance being

26  refunded in accordance with ¶¶2.8 and 7.4 hereof.

27      7.7     If a case is commenced with respect to any Defendant under Title 11 of the United

28  States Code (Bankruptcy), or a trustee, receiver or conservator is appointed under any similar law,

STIPULATION OF SETTLEMENT - C-01-20418-JW(PVT)                              - 18 -

and in the event of the entry of a final non-appealable order determining the transfer of the Settlement Fund, or any portion thereof, by or on behalf of such Defendant to be a preference, voidable transfer, fraudulent transfer or similar transaction, then, at Lead Plaintiffs' option, as to such Defendant, the releases given and Judgment entered in favor of such Defendant pursuant to this Stipulation shall be null and void, or, alternatively, Lead Plaintiffs may terminate the entire settlement as to all Defendants.

7.8    Lead Plaintiffs' right to nullify the releases and Judgment to any Defendant or to terminate the entire settlement as to all Defendants pursuant to paragraph (¶7.7) shall expire upon the Effective Date.

**8.    Miscellaneous Provisions**

8.1    The Settling Parties (a) acknowledge that it is their intent to consummate this agreement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of the Stipulation.

8.2    The Settling Parties intend this settlement to be a final and complete resolution of all disputes between them with respect to the Litigation. The settlement compromises claims which are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense. The Final Judgment will contain a finding, during the course of the Litigation, the parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11. The Settling Parties agree that the amount paid to the Settlement Fund and the other terms of the settlement were negotiated in good faith by the Settling Parties, and reflect a settlement that was reached voluntarily after consultation with competent legal counsel. The Settling Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum that the Litigation was brought or defended in bad faith or without a reasonable basis.

8.3    Neither the Stipulation nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim,

STIPULATION OF SETTLEMENT - C-01-20418-JW(PVT)                                      - 19 -

1 | or of any wrongdoing or liability of the Defendants; or (b) is or may be deemed to be or may be used
2 | as an admission of, or evidence of, any fault or omission of any of the Defendants in any civil,
3 | criminal or administrative proceeding in any court, administrative agency or other tribunal.
4 | Defendants may file the Stipulation and/or the Judgment in any action that may be brought against
5 | them in order to support a defense or counterclaim based on principles of *res judicata*, collateral
6 | estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim
7 | preclusion or issue preclusion or similar defense or counterclaim.

8 |        8.4    All agreements made and orders entered during the course of the Litigation relating to
9 | the confidentiality of information shall survive this Stipulation.

10 |        8.5    All of the Exhibits to the Stipulation are material and integral parts hereof and are
11 | fully incorporated herein by this reference.

12 |        8.6    The Stipulation may be amended or modified only by a written instrument signed by
13 | or on behalf of all Settling Parties or their respective successors-in-interest.

14 |        8.7    The Stipulation and the Exhibits attached hereto and the Supplemental Agreement
15 | Regarding Requests for Exclusion constitute the entire agreement among the parties hereto and no
16 | representations, warranties or inducements have been made to any party concerning the Stipulation
17 | or its Exhibits other than the representations, warranties and covenants contained and memorialized
18 | in such documents. Except as otherwise provided herein, each party shall bear its own costs.

19 |        8.8    Plaintiffs' Co-Lead Counsel, on behalf of the Class, are expressly authorized by the
20 | Lead Plaintiffs to take all appropriate action required or permitted to be taken by the Class pursuant
21 | to the Stipulation to effectuate its terms and also are expressly authorized to enter into any
22 | modifications or amendments to the Stipulation on behalf of the Class which they deem appropriate.

23 |        8.9    Each counsel or other Person executing the Stipulation or any of its Exhibits on
24 | behalf of any party hereto hereby warrants that such Person has the full authority to do so.

25 |        8.10   The Stipulation may be executed in one or more counterparts. All executed
26 | counterparts and each of them shall be deemed to be one and the same instrument. A complete set of
27 | original executed counterparts shall be filed with the Court.

28 |

1    8.11    The Stipulation shall be binding upon, and inure to the benefit of, the successors and

2    assigns of the parties hereto.

3    8.12    The Court shall retain jurisdiction with respect to implementation and enforcement of

4    the terms of the Stipulation, and all parties hereto submit to the jurisdiction of the Court for purposes

5    of implementing and enforcing the settlement embodied in the Stipulation.

6    8.13    This Stipulation and the Exhibits hereto shall be considered to have been negotiated,

7    executed and delivered, and to be wholly performed, in the State of California, and the rights and

8    obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and

9    governed by, the internal, substantive laws of the State of California without giving effect to that

10   State's choice-of-law principles.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, by

2  their duly authorized attorneys, dated as of August 28, 2006.

3                                    LERACH COUGHLIN STOIA GELLER
                                        RUDMAN & ROBBINS LLP
4                                    WILLIAM S. LERACH
                                     KEITH F. PARK
5                                    SPENCER A. BURKHOLZ
                                     DANIEL S. DROSMAN
6                                    JONAH H. GOLDSTEIN
                                     MATTHEW P. MONTGOMERY
7                                    LUCAS F. OLTS
                                     JESSICA D. TALLY
8

9

10                                          KEITH F. PARK

11                                   655 West Broadway, Suite 1900
                                     San Diego, CA  92101
12                                   Telephone:  619/231-1058
                                     619/231-7423 (fax)
13
                                     LERACH COUGHLIN STOIA GELLER
14                                      RUDMAN & ROBBINS LLP
                                     PATRICK J. COUGHLIN
15                                   LESLEY E. WEAVER
                                     100 Pine Street, Suite 2600
16                                   San Francisco, CA  94111
                                     Telephone:  415/288-4545
17                                   415/288-4534 (fax)

18                                   LERACH COUGHLIN STOIA GELLER
                                        RUDMAN & ROBBINS LLP
19                                   SANDRA STEIN
                                     1845 Walnut Street, 25th Floor
20                                   Philadelphia, PA  19103
                                     Telephone:  215/988-9546
21                                   215/988-9885 (fax)

22

23

24

25

26

27

28

STIPULATION OF SETTLEMENT - C-01-20418-JW(PVT)                          - 22 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEVIN, PAPANTONIO, THOMAS, MITCHELL,
  ECHSNER & PROCTOR, P.A.
TIMOTHY M. O'BRIEN

_____
TIMOTHY M. O'BRIEN

316 South Baylen Street, Suite 600
Pensacola, FL  32501
Telephone:  850/435-7000
850/497-7057 (fax)

Co-Lead Counsel for Plaintiffs

O'DONOGHUE & O'DONOGHUE LLP
LOUIS P. MALONE
4748 Wisconsin Avenue, N.W.
Washington, DC  20016
Telephone:  202/362-0041
202/362-2640 (fax)

Additional Counsel for Plaintiffs

WINSTON & STRAWN LLP
DAN K. WEBB
ROBERT Y. SPERLING

_____
ROBERT Y. SPERLING

35 West Wacker Drive
Chicago, IL  60601-9703
Telephone:  312/558-5600
312/558-5700 (fax)

Counsel on Behalf of Cisco Systems, Inc., John
Chambers, Larry Carter, Judith L. Estrin, Gary J.
Daichendt, Carl Redfield, Donald J. Listwin,
Michaelangelo Volpi, Donald Valentine, Steven
West and Edward Kozel

FENWICK & WEST LLP
KEVIN P. MUCK
DEAN S. KRISTY

_____
KEVIN P. MUCK

STIPULATION OF SETTLEMENT - C-01-20418-JW(PVT)                                      - 23 -

275 Battery Street
San Francisco, CA 94111
Telephone: 415/875-2384
415/281-1350 (fax)

Counsel on Behalf of Cisco Systems, Inc., John
Chambers, Larry Carter, Judith L. Estrin, Gary J.
Daichendt, Carl Redfield, Donald J., Listwin,
Michaelangelo Volpi, Donald Valentine, Steven
West and Edward Kozel

HELLER EHRMAN LLP
NORMAN J. BLEARS
MICHAEL L. RUGEN

_____
                MICHAEL L. RUGEN

333 Bush Street, Suite 3100
San Francisco, CA 94104-2878
Telephone: 415/772-6000
415/772-6268 (fax)

Counsel on Behalf of PricewaterhouseCoopers LLP

S:\Settlement\Cisco.set\V3 STP 8-28 00033524.doc

1 <u>CERTIFICATE OF SERVICE</u>

2      I hereby certify that on August 28, 2006, I electronically filed the foregoing with the Clerk of

3 the Court using the CM/ECF system which will send notification of such filing to the e-mail

4 addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have

5 mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF

6 participants indicated on the attached Manual Notice List.

7      I further certify that I caused this document to be forwarded to the following designated

8 Internet site at:  http://securities.lerachlaw.com/.

9

10                        s/ Keith F. Park
                        KEITH F. PARK

11                         LERACH COUGHLIN STOIA GELLER
                          RUDMAN & ROBBINS LLP

12                         655 West Broadway, Suite 1900
                        San Diego, CA  92101

13                         Telephone:  619/231-1058
                        619/231-7423 (fax)

14                         E-mail:KeithP@lerachlaw.com

15

16

17

18

19

20

21

22

23

24

25

26

27

28